IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN K. BARBER,

  Plaintiff,

 vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

  Defendant.

           /

No. CIV S-00-1286 WBS DAD

ORDER AND

FINDINGS AND RECOMMENDATIONS

    On June 12, 2000, plaintiff brought this action seeking judicial review of a final administrative decision denying his claim for Social Security disability insurance benefits. See 42 U.S.C. § 405(g). On May 18, 2001, pursuant to the stipulation of the parties, the district judge issued an order remanding the action for further administrative proceedings pursuant to sentence six of § 405(g). The case was then closed. The matter is now before the court on plaintiff's motion for entry of final judgment and defendant's motion to transfer the case.

    Plaintiff seeks entry of final judgment so that plaintiff's counsel can request attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff also seeks an order

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1  requiring the Commissioner of Social Security (Commissioner) to file a supplemental transcript
2  of administrative proceedings for the court's use in determining, if necessary, whether the
3  Commissioner's position was substantially justified for purposes of the EAJA. Plaintiff has
4  provided a copy of an administrative decision finding him disabled since March 31, 1997.
5         The undersigned ordered defendant to show cause why plaintiff's motion should
6  not be granted. Defendant filed a response asserting that venue is improper and this court lacks
7  jurisdiction. The response was accompanied by a motion to transfer this case to Oklahoma.
8  Plaintiff has filed opposition to defendant's motion. Defendant has not filed a reply.
9         Defendant admits that plaintiff's complaint filed June 12, 2000, alleges that
10 plaintiff is a resident of Citrus Heights, California. Defendant does not offer evidence to the
11 contrary but cites only agency records reflecting that plaintiff has been a resident of Oklahoma
12 since at least November 2001. Defendant cites 42 U.S.C. § 405(g), which provides that an
13 individual may obtain review of a final decision by a civil action brought in the district court of
14 the United States for the judicial district in which the plaintiff resides or has his principal place of
15 business. Defendant does not deny that this court had jurisdiction over this case in 2000 but
16 argues only that the court lost jurisdiction when plaintiff moved to Oklahoma. Defendant cites
17 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3). Defendant also argues that venue is improper
18 here because the work for which plaintiff's counsel will seek to be paid occurred outside this
19 court's jurisdiction. For the latter proposition, defendant cites two cases that do not concern
20 venue. Defendant's final assertion is that a court in Oklahoma would have jurisdiction over the
21 plaintiff personally, should that become relevant to the fee litigation. However, defendant does
22 not suggest any way in which personal jurisdiction over the plaintiff could become relevant.
23         In opposition to defendant's motion, plaintiff argues that the very authorities cited
24 by defendant refute defendant's arguments. Section 405(g) provides as follows:
25         Such action shall be brought in the district court of the United
           States for the judicial district in which the plaintiff resides, or has
26         his principal place of business, or, if he does not reside or have his

principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). Plaintiff argues that he resided in the Eastern District of California when he brought this action and that venue is proper here. Plaintiff argues further that § 405(g) contains no basis for defendant's argument that venue changes whenever a plaintiff changes his residence after bringing an action in the proper court. With regard to 28 U.S.C. § 1406(a), which concerns venue defects, plaintiff argues that there is no venue defect to cure in this case but, if there were such a defect, § 1406(a) would not provide a basis for change of venue to Oklahoma. The statute provides for transfer of a case "to any district or division in which it could have been brought." In light of the fact that plaintiff lived in Citrus Heights, California in June 2000, the Eastern District of California is the only district in which this case could have properly been brought. Plaintiff also explains in detail the inapplicability of the two attorney-fee cases cited by defendant.

Plaintiff's arguments are persuasive. Defendant's contentions lack legal support and do not demonstrate improper venue or any basis for change of venue. Defendant's motion for transfer will be denied, and the undersigned will recommend that plaintiff's motion for final judgment be granted. The court will require defendant to file a supplemental administrative record concurrently with any document in which the Commissioner asserts an argument that the Commissioner's position was substantially justified for purposes of the EAJA.

In accordance with the above, IT IS ORDERED that:

1. The Clerk of the Court is directed to reopen this case;

2. The court's November 27, 2006 order to show cause is discharged;

3. Defendant's December 18, 2006 motion to transfer is denied;

4. Plaintiff's request for an order directing defendant to file a supplemental administrative record is granted in part;

/////

      5. Defendant shall file a supplemental administrative record together with any document filed in this action in which the Commissioner advances a "substantial justification" argument;

      IT IS RECOMMENDED that:

      1. Plaintiff's November 9, 2006 motion for entry of final judgment be granted; and

      2. The Clerk be directed to enter final judgment in this action forthwith.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy of the objections on all other parties. Objections shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after the objections are filed. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2007.

                                                 /s/ Dale A. Drozd
                                                 DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.socsec\barber1286.f&r