IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN K. BARBER,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

No. CIV S-00-1286 WBS DAD

ORDER AND

FINDINGS AND RECOMMENDATIONS

Judgment was entered in this case on April 17, 2007. Plaintiff has filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] The court addresses the motion below.

BACKGROUND

On June 12, 2000, plaintiff, through counsel, brought this action seeking judicial review of a final administrative decision denying a claim for disability benefits under the Social Security Act. Defendant was served with plaintiff's complaint but was unable to produce a complete administrative record because the tapes of the administrative hearings could not be

---

[1] Plaintiff's motion indicates that Michael J. Astrue should be substituted for Joanne B. Barnhart as defendant in this matter. Such a substitution was made in the order and findings and recommendations filed in this case on April 6, 2007.

1  located.  The parties stipulated to a remand for further administrative proceedings.  Pursuant to
2  the stipulated remand order filed on May 18, 2001, a new administrative hearing was to be held
3  and a new decision was to be issued, if the missing tapes could not be located within a reasonable
4  time.  The remand was made pursuant to sentence six of 42 U.S.C. § 405(g).

5        On remand, three additional administrative hearings were conducted.  After the
6  second of these hearings, the case was assigned to another administrative law judge, who
7  conducted the third hearing and found plaintiff disabled.  On November 9, 2006, plaintiff moved
8  for entry of final judgment in this case.  In response to the court's order to show cause, defendant
9  moved to change venue.  On April 6, 2007, the undersigned denied defendant's motion, granted
10 plaintiff's request for an order directing defendant to file a supplemental administrative record if
11 defendant elected to oppose a motion for attorney fees on the ground of substantial justification,
12 and recommended that the motion for entry of final judgment be granted.  The recommendation
13 was adopted by the assigned district judge on April 17, 2007, and judgment was entered on that
14 date.  Plaintiff's motion for attorney fees followed.

15       THE PARTIES' ARGUMENTS

16       Plaintiff asserts that he is the prevailing party and that defendant's position, in this
17 suit and in the administrative proceedings, lacked a reasonable basis in law and in fact.  Plaintiff
18 seeks an award of $21,608.26 for attorney fees based on 132.65 hours of attorney time at rates
19 ranging from $150.50 per hour in 2000 to $176.45 per hour in 2007.  Plaintiff's calculations are
20 based on the statutory rate of $125 per hour modified according to regional cost-of-living
21 adjustments applicable to the San Francisco-San Jose area from 2000 through 2007.  In addition,
22 plaintiff seeks $5,181.39 for costs and expenses.  Counsel for plaintiff requests that the award of
23 EAJA fees and costs be made payable to him.

24       Defendant does not deny that plaintiff is the prevailing party and does not assert
25 that defendant's position was substantially justified.  Defendant argues that the total number of
26 hours claimed by plaintiff's counsel is unreasonable and that the hours for certain tasks should be

reduced. Defendant also notes an error in plaintiff's computation of attorney time for the period ending December 2002.[2] With regard to the applicable rate, defendant disputes plaintiff's use of urban consumer price indices for the San Francisco/Oakland/San Jose area to calculate cost-of-living adjustments to the statutory cap of $125.00 per hour. Defendant urges the court to award no more $13,328.72 in EAJA fees, i.e., approximately half the amount sought by plaintiff, and only $199.85 in costs in lieu of the $5,181.39 requested. Defendant contends that the award of EAJA fees must be paid to plaintiff rather than to plaintiff's counsel.

   In reply, plaintiff offers additional argument to demonstrate that the number of hours claimed is reasonable. Plaintiff objects to defendant's suggested recalculation of hourly rates based on consumer price indices applicable to Sacramento and Oklahoma City and proposes instead that the court apply hourly rates based on the Ninth Circuit's formula using the national consumer price index for the cost-of-living adjustments. Plaintiff's recalculation of fees according to the Ninth Circuit formula results in rates ranging from $139.69 per hour in 2000 to $167.27 per hour in 2007, instead of the previously requested rates ranging from $150.50 per hour in 2000 to $176.45 per hour in 2007. Counsel for plaintiff claims an additional 14.6 hours for time spent on his reply to defendant's opposition, for a new total of 142.7 hours of attorney time. With the new number of hours at slightly lower rates, plaintiff now seeks an attorney fee award of $22,589.07, together with the amount previously claimed for costs and expenses.

   Plaintiff's request for 142.7 hours of attorney times reflects a deduction of 4.55 hours from the previous total of 132.65 hours, which results in an amended subtotal of 128.1 hours. Combined with the 14.6 new hours for time spent on the reply, the new total is 142.7 hours. Despite the amendment to the number of hours, the court finds that plaintiff's revised claim was erroneously calculated on the basis of 39.6 rather than 35.05 hours for 2002.

---

[2] For the period ending December 2002, counsel for plaintiff claimed a total of 39.6 hours. (Decl. of Harvey P. Sackett in Supp. of Mot. for Attorney Fees at 10.) However, the entries for that period add up to 35.05 hours, a discrepancy of 4.55 hours. (See id. at 6-10.)

Plaintiff's reply includes additional argument in favor of his request that the EAJA fee award be made payable to counsel for plaintiff. After the filing of plaintiff's reply, defendant moved for leave to amend his opposition to agree to pay the EAJA fee award to plaintiff's counsel as plaintiff's assignee if plaintiff would file a valid fee agreement showing that plaintiff assigned to his attorney any EAJA fees that might be awarded by the court. Plaintiff previously anticipated and rejected such a proposal.[3] (See Mot. for Attorney Fees at 7.) Accordingly, defendant's motion to amend will be denied as moot.

## ANALYSIS

The EAJA provides for recovery of costs, fees, and other expenses as follows:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity . . . . A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
>
> . . . .
>
> (d)(1)(A) . . . a court **shall** award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a)(1) and (d)(1)(A) (emphasis added). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

---

[3] In a case in the Northern District of California in which Harvey Sackett was the plaintiff's attorney, the plaintiff sought an order awarding attorney's fees and costs under the EAJA and directing defendant to pay the award directly to plaintiff's counsel. Hayes v. Astrue, No. C 06-05720 WHA, 2008 WL 648463, at *1 (N.D. Cal. Mar. 5, 2008). The court held that plaintiff's "purported" assignment of the right to collect EAJA attorney's fees was void under the Assignment of Claims Act, 31 U.S.C. § 3727(b). Id. at *3-4.

I. <u>Attorney Fees</u>

The "fees" that a court "shall" award under § 2412(d)(1)(A) include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). To encourage the diligent prosecution of judicial proceedings, "[t]he statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." <u>Atkins v. Apfel</u>, 154 F.3d 986, 987 (9th Cir. 1998) (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

A party who obtains a remand for the payment of benefits in a Social Security case is a prevailing party for purposes of the EAJA. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). In addition, "[a]n applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his or] her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1257 (9th Cir. 2001). If a remand is made pursuant to sentence six of 42 U.S.C. § 405(g), the court retains jurisdiction and may award attorney fees for work performed in the administrative proceedings on remand, if the plaintiff is awarded benefits on remand. <u>Schaefer</u>, 509 U.S. at 300 n.4; <u>Sullivan v. Hudson</u>, 490 U.S. 877, 892-93 (1989).

Here, it is undisputed that plaintiff is the prevailing party, that plaintiff's attorney fee motion is timely, and that plaintiff did not unduly delay the proceedings. There is no contention that plaintiff's motion for attorney fees should be denied on the ground that the Commissioner's position was "substantially justified." The parties dispute only the amount of attorney fees to be awarded and the person to whom the award should be paid.

Determining the amount of "reasonable" attorney fees to award pursuant to 28 U.S.C. § 2412(d)(2)(A) "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" <u>Atkins</u>, 154 F.3d at 988 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983)). The court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" <u>Id.</u> at 989 (quoting <u>Hensley</u>, 461 U.S. at

5

437.) In general, attorney fees under EAJA are set at the market rate but capped at $125.00 per hour. Id. at 987 (citing 28 U.S.C. § 2412(d)(2)(A)).

Counsel for plaintiff secured a remand for further proceedings, persevered until he obtained a determination that plaintiff is disabled, defeated defendant's motion for change of venue, and filed an attorney fee motion that effectively precluded any contention that defendant's position was substantially justified. Defendant nevertheless argues that the number of hours claimed and the rates requested are unreasonable.

Having carefully reviewed the pending motion and all related briefing, the undersigned finds that the claimed number of hours of attorney time, modified to correct the mathematical error regarding the number of hours for 2002, is reasonable under the circumstances of this case. As defendant candidly admits, "[t]his case is not the average district court Social Security disability case" and "counsel's involvement with the administrative proceedings on remand spanned many years and account for such a high number of hours." (Def.'s Opp'n at 5.)

Defendant challenges the 55.9 hours claimed by plaintiff's counsel for preparing for, traveling to, and appearing at three administrative hearings in Oklahoma. Defendant suggests that plaintiff be awarded attorney fees for a total of 6 hours for all three hearings. Defendant's principle argument is that plaintiff, who moved to Oklahoma after this case was remanded for further administrative proceedings, should have retained local counsel in Oklahoma in order to eliminate the need for California counsel to travel to three administrative hearings there. In light of counsel's ultimate success in obtaining benefits for plaintiff after protracted administrative proceedings, the undersigned finds that plaintiff should not be penalized for the fact that three administrative hearings were required or for the fact that his attorney made the decision to appear at the hearings conducted in July 2002, August 2004, and September 2005 instead of locating a local attorney, unfamiliar with the case, to appear in his stead. The cases cited by defendant do not hold or even suggest that a claimant is obligated to

1 retain different or additional counsel after a change in residence, and defendant has not
2 demonstrated that it would in fact have been more efficient for plaintiff to retain local counsel
3 unfamiliar with the case, either instead of or in addition to previously retained counsel.  The
4 undersigned finds that an average of 18.6 hours per hearing is a reasonable amount of time to
5 prepare for, travel to, and appear at each of three hearings over the course of seven years,
6 particularly where expert witnesses were called to testify.  Defendant has not shown that any
7 hours were redundant or otherwise unnecessary, and the court finds that the number of hours
8 should not be reduced from 55.9 to 6.

9 Defendant also challenges the 2.3 hours claimed by plaintiff's counsel for
10 reviewing correspondence and auditing the tape of a 25-minute hearing on October 20, 2003.
11 Plaintiff's counsel asserts that time was needed to stop the tape, look at documents, look up
12 citations, and take notes.  The court notes that counsel's entry for the following day reflects .6 of
13 an hour for a telephone conference with the Appeals Council, a telephone conference with
14 plaintiff, and a letter to plaintiff's vocational consultant.  It appears that the time counsel spent
15 reviewing correspondence and auditing the tape on October 20, 2003 laid the groundwork for the
16 actions taken on October 21, 2003.  The 2.3 hours claimed for case development, background
17 investigation, and case administration on October 20, 2003 is therefore reasonable.

18 Turning to the rate to be applied, the undersigned finds it appropriate to adjust the
19 statutory rate of $125.00 per hour for annual cost-of-living increases in accordance with the
20 formula approved by the Ninth Circuit, using the national rather than any local or regional
21 consumer price index.  See Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005);
22 Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001); Ninth Cir. Local Rule 39-1.6 (in
23 computing the applicable hourly rate under the EAJA, adjusted for cost-of-living increases,
24 counsel should be aware of the formula set forth in Thangaraja).
25 /////
26 /////

Plaintiff should be awarded an EAJA fee award for 142.7 hours at the following rates, as calculated by plaintiff in his reply, with the number of hours for 2002 reduced to correct the mathematical error in plaintiff's computation:

| | | |
|---|---|---|
| For the period ending December 2000, 3.4 hours at $139.69 | | $   474.95 |
| For the period ending November 2001, 4.55 hours at $142.41 | | $   647.97 |
| For the period ending December 2002, 35.05 hours at $145.23 | | $5,090.31 |
| For the period ending December 2003, 15.75 hours at $147.96 | | $2,330.37 |
| For the period ending November 2004, 29.6 hours at $153.34 | | $4,538.86 |
| For the period ending November 2005, 24.4 hours at $158.64 | | $3,870.82 |
| For the period ending December 2006, 6.6 hours at $162.01 | | $1,069.27 |
| For the period ending July 2007, 23.35 hours at $167.27 | | $3,905.76 |
| TOTAL | | $21,928.31 |

Accordingly, the undersigned will recommend that plaintiff's motion for attorney fees under the EAJA be granted and that plaintiff be awarded $21,928.31 for 142.7 hours of attorney time at the hourly rates listed above.

II. Costs and Other Fees and Expenses

Plaintiff also seeks reimbursement for the following amounts:

| | |
|---|---|
| Filing fee | $150.00 |
| Photocopying costs ($3.00, $36.45, $6.00) | $45.45 |
| Postage | $4.40 |
| Travel ($681.11, $713.36, $654.64) | $2,049.11 |
| Experts ($562.43, $375.00, $1,290.00, $705.00) | $2,932.43 |
| TOTAL | $5,181.39 |

Defendants argue that plaintiff's award for costs should be limited to $199.85 for the filing fee, photocopying costs, and postage.

/////

8

Under the EAJA, the "fees and expenses" that may be awarded to the prevailing party include expert witness fees and "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). The undersigned finds that the fees and expenses incurred by plaintiff for vocational evaluation reports in 2002 and 2003 and for expert witness fees in 2004 and 2005 were necessary for the preparation of the case. Plaintiff should be awarded the sum of $2,932.43 for such fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(A).

Under § 2412(a) of the EAJA, a judgment for costs may be awarded to any prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Costs include filing fees, service fees, court reporter's fees, and fees for printing and photocopying. See 28 U.S.C. § 1920; Local Rule 54-292(f). In addition, costs ordinarily billed to the client, such as telephone calls, postage, courier, and attorney travel expenses, are recoverable under the EAJA. Int'l Woodworkers of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986); see also Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) ("[W]e reject the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA.").

For the reasons set forth in the discussion of attorney time, supra, the undersigned finds that the expenses incurred by plaintiff's counsel for travel to Oklahoma for three administrative hearings were reasonable. Plaintiff should be awarded the sum of $2,049.11 for such expenses, together with the unopposed sum of $199.85 for the filing fee, photocopying costs, and postage. Plaintiff should be awarded the sum of $2,248.96 for such costs pursuant to 28 U.S.C. § 2412(a).

The undersigned will recommend that plaintiff be awarded costs of $2,248.96 under § 2412(a) and fees and expenses of $2,932.43 under § 2412(d)(2)(A), for a total of $5,181.39.

/////

III.  Request for Payment of EAJA Fees to Counsel

Plaintiff seeks a court order requiring payment of EAJA fees to his attorney. Plaintiff asserts that EAJA fees were made payable to prevailing plaintiffs' attorneys for decades, but defendant now takes the position that an award of EAJA fees belongs to the plaintiff and can be paid only to the plaintiff.  (Mot. for Attorney Fees at 5.)  Plaintiff argues that, while the right to fees under the EAJA does indeed belong to "the prevailing party," those fees belong to the prevailing party's attorney once fees are awarded and become payable.  Defendant disagrees, relying on the language of the statute.  Citing the words "a court shall award to a prevailing party . . . fees and other expenses," defendant interprets the statute as requiring that the award be paid to the prevailing party rather than to the attorney who earned the fees.  (Opp'n at 7.)

Defendant's new policy "appears to be motivated by the government's recent ability, under the Department of the Treasury's Offset Program, to electronically track those persons owing federal debts and potentially to charge an offset against an EAJA attorney fee award paid directly to a prevailing claimant."  Garner v. Astrue, No. 06-CV-769C, 2008 WL 2357409, at *1 (W.D.N.Y. June 4, 2008).  In Dixon-Townsell v. Barnhart, 445 F. Supp. 2d 1283 (N.D. Okla. 2006), the district court granted the plaintiff's motion for relief pursuant to Rule 60 and amended the court's previous order to require payment of attorney fees to counsel rather than to the plaintiff because the plaintiff's EAJA fee award was completely offset by an amount the plaintiff owed for unpaid child support.  445 F. Supp. 2d at 1284.

The Tenth Circuit has abrogated Dixon-Townsell, holding that an EAJA attorney fee award is properly payable to the plaintiff, not to the plaintiff's attorney.  Manning v. Astrue, 510 F.3d 1246, 1253 (10th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3637 (U.S. May 22, 2008) (No. 07-1468 ).  The Eleventh Circuit has reached the same conclusion.  Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) ("[O]ur analysis begins and ends with the unambiguous text of the statute:  The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").

Some district courts within the Ninth Circuit have also concluded that an EAJA attorney fee award must be paid to the plaintiff rather than to the plaintiff's counsel. See, e.g., McCarty v. Astrue, 505 F. Supp. 2d 624, 631-32 (N.D. Cal. 2007) (holding that the attorney was not entitled to have the EAJA fee award paid directly to him and the award was subject to administrative offset by the Treasury Department); Shinn v. Astrue, No. 1:04-cv-6050 TAG, 2008 WL 2073980, at *8 (E.D. Cal. May 14, 2008) (holding that any fees granted pursuant to the EAJA should be provided to the plaintiff, not his attorney); Pulis v. Comm'r of Soc. Sec., No. CIV S-05-2088-LKK-CMK, 2008 WL 1899918, at *1-2 (E.D. Cal. Apr. 25, 2008) (denying plaintiff's motion to compel payment of EAJA attorney fees directly to counsel, absent evidence of a contractual agreement between plaintiff and counsel).

Other district courts in this Circuit have determined that an EAJA attorney fee award must be paid to the plaintiff's counsel. See Ky Ha v. Astrue, case No. CIV S-06-1690 KJM, Order filed Nov. 8, 2007, at 2-4 (E.D. Cal. Nov. 8, 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to the plaintiff's counsel); Ali v. Gonzales, 486 F. Supp. 2d 1197, 1198 (W.D. Wash. 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to plaintiff's pro bono counsel).

In Stephens v. Astrue, 539 F. Supp. 2d 802 (D. Md. 2008), the court granted multiple petitions for attorney fees and held that the award of EAJA attorney fees in each case was payable to the plaintiff's attorney, and not to the plaintiff. The court viewed the EAJA as a whole and construed § 2412(d)(1)(A) in harmony with other relevant sections of the EAJA. Id. at 805-07. Examining the legislative history of the EAJA and applying well established principles of statutory construction, the court concluded that "an interpretation of the EAJA that awards fees to counsel, rather than the prevailing party, best reflects Congress's goal of the statute – assuring the competent representation of persons challenging unreasonable government action." Id. at 807-08. "[W]ere the awards payable to prevailing parties, few attorneys would undertake representation of a Social Security claimant with debt obligations because the EAJA

11

fee would be subject to seizure," and lack of representation would most likely to be most severe on appeal, where, in the absence of an EAJA award, counsel's payment under § 406(b) would depend on the plaintiff's eventual success on remand. Id. at 808. The Stephens decision gives careful consideration to the agency's prior administration of the EAJA provisions and engages in a comprehensive analysis of other fee shifting statutes. Id. at 808-21.

The undersigned finds that making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the "absurd and unjust result" of thwarting Congress' intent to enable litigants to bring meritorious litigation. Id. at 821-22. See also Williams v. Comm'r of Soc. Sec., 549 F. Supp. 2d 613, 617-19 (D.N.J. 2008) (holding that EAJA attorney fees are to be paid directly to the claimant's attorney because paying fees directly to the claimant herself would frustrate the purpose of the EAJA); Garner, 2008 WL 2357409, at *1 (finding that the "purpose of the EAJA is upheld if attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful). The undersigned finds the reasoning of Stephens and Williams persuasive and will therefore recommend that plaintiff's EAJA award be made payable to plaintiff's attorney.

**CONCLUSION**

IT IS ORDERED that defendant's August 8, 2007 motion to amend opposition, erroneously docketed as an amended opposition, is denied;

IT IS RECOMMENDED that:

1. Plaintiff's June 15, 2007 motion for attorney fees and costs under the EAJA be granted;

2. Plaintiff be awarded $21,928.31 for attorney fees under 28 U.S.C. § 2412(d) and $5,181.39 for other fees, expenses, and costs under 28 U.S.C. §§ 2412(a) and (d), for a total award of $27,109.70; and

3. The EAJA award of fees and costs be made payable to plaintiff's attorney.

1   These findings and recommendations will be submitted to the United States
2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3   ten days after being served with these findings and recommendations, written objections may be
4   filed and served by any party.  Objections shall be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Any reply to objections shall be filed and served within ten
6   days after the objections are filed.  The parties are advised that failure to file objections within
7   the specified time may, under certain circumstances, waive the right to appeal the District Court's
8   order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: July 8, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/barber1286.attyfees.eaja